# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

JASBIR SINGH and
BALVINDERJIT KAUR BAINS,

                Debtors.
----------------------------------------------------------X

Chapter 7

Case No: 8-18-75334-reg

## TERMS AND CONDITIONS OF SALE

1.    These Terms and Conditions of Sale are promulgated in connection with the sale, by Robert L. Pryor, Esq. (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Balvinderjit Kaur Bains ("Debtor"), one of the debtor in the above-captioned Chapter 7 bankruptcy case, of Debtor's 51% stock ownership interest (the "Interest") in Jassi's Tandoori Grill & Bar Inc. (the "Corporation"), a New York corporation incorporated May 24, 2012, to Manjinder Kaur, having an address at 85-18 241st Street, Bellrose, NY 11426 ("Offeror") for the sum of $75,000.00 (the "Offer"), "as is", "where is", without any representations or warranties whatsoever, subject to higher and better offers, subject to an order of the Bankruptcy Court approving the sale (the "Sale Order") being entered in Debtor's case, and free and clear of all liens, claims, and encumbrances (collectively, "Liens") against the Interest with such Liens, if any, to attach to the proceeds of sale with the same extent, validity and priority as such Liens attached to the Interest.

2.    The Sale will take place in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), before the Hon. Robert E. Grossman, United States Bankruptcy Judge, 290 Federal Plaza, Central Islip, New York 11722- 9013, Room 860, on the date and time set for the hearing on the Trustee's motion to approve the sale (the "Sale Hearing"). The Sale is being made pursuant to 11 U.S.C. § 363(b) and (f).

- 1 -

3.  In order to be permitted to bid on the Interest at the Sale Hearing, prior to the commencement of the Sale Hearing, each prospective bidder, other than Offeror, must deliver to the Trustee, by certified check, bank check or wire transfer, the amount of Eighty Thousand Dollars ($80,000.00) (the "Qualifying Deposit") payable to Robert L. Pryor, Esq. Chapter 7 Trustee, which amount shall serve as a partial good faith deposit against payment of the purchase price by such competing bidder as the Trustee determines to have made the highest or best bid for the Property (the "Successful Bidder"). At the Sale Hearing, the Successful Bidder must execute, and thereby agree to be bound to (i) these Terms and Conditions of Sale, and (ii) a Memorandum of Sale in the form annexed hereto. Except with respect to a defaulting "Successful Bidder" (as defined herein), at the conclusion of the Sale, the Trustee or his representative will return the Qualifying Deposits to all other bidders.

4.  The Successful Bidder must pay the balance of the Purchase Price for the Interest (the difference between the amount of the successful bid and the Deposit) to the Trustee, by certified check, bank check, or wire transfer at the closing of title to the Interests (the "Closing"). The Successful Bidder must close title to the Interest at a date that is no more than seven (7) days after the entry of the Sale Order by the Bankruptcy Court, **TIME BEING OF THE ESSENCE as to the purchaser**, although such date may be extended solely by the Trustee.

5.  The Closing shall take place at the offices of the attorneys for the Trustee, Pryor & Mandelup LLP, 675 Old Country Road, Westbury, New York, 11590.

6.  The Successful Bidder shall pay any County or State, or other transfer taxes incurred by Debtor's Estate from the transfer of the Interest at the Closing.

7.  In connection with the Closing and Closing Date, the Successful Bidder is hereby given notice that <u>Time is of the essence against the Successful Bidder and the failure of the</u>

<u>Successful Bidder to close for any reason whatsoever (except as otherwise provided below) including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the Deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Interests under these Terms and Conditions of Sale.</u> The Successful Bidder shall be obligated to close title to the Interest and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms of and Conditions of Sale other than the Trustee's inability to deliver a Trustee's Bill of Sale for the Interest. The Trustee shall have no obligation whatsoever to deliver originals or copies of any documents evidencing or constituting the Interest. The Sale of the Interest is expressly made subject to all applicable agreements, including without limitation, any certificate of incorporation, by-laws, shareholder agreement, or other agreements, if any, applicable to the Interest.

8. The Successful Bidder must demonstrate, to the sole satisfaction of the Trustee or the Court, as the case may be, evidence of its ability to conclude the transaction upon these Terms and Conditions of Sale, without delay. The Trustee reserves the right to reject any offeror, who in the sole discretion of the Trustee, the Trustee believes is not financially capable of consummating the purchase of the Interest. **Expenses incurred by the Offeror, Successful Bidder, or any competing bidder concerning any due diligence, shall be the sole responsibility of such Offeror/bidder, and under no circumstances shall the Trustee or the Estate or the Trustee's professionals be responsible for, or pay, such expenses.**

9. In the event that the Successful Bidder for the Interest fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise timely perform any of its obligations under these Terms and Conditions of Sale, the Trustee, at his sole option, shall be authorized to sell the Interest to the second highest bidder (the "Back-Up Bidder") without any

further notice or order, without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Trustee deems appropriate, and the Back-Up Bidder shall become the Successful Bidder and shall be obligated to close the Sale of the Interest on these Terms and Conditions of Sale except as to the amount of the Offer which shall be the last and highest amount bid by the Back-Up Bidder at the Sale Hearing and except as to the Closing Date which shall be not later than ten (10) days after notice from the Trustee to the Back-Up Bidder (the "Back-Up Bidder Closing Date"). Should the Back-Up Bidder fail to close on the Interest on or before the Back-Up Bidder Closing Date, the Trustee shall be authorized to sell the Interest to the next highest or best bidder, without any further notice or order, and without giving credit for the Deposits forfeited by the Successful Bidder and the Back-Up Bidder.

10. In connection with the Closing and the Back-Up Closing Date, the Back-Up Bidder is hereby given notice that <u>Time is of the essence against the Back- Up Bidder and the failure of the Back-Up Bidder to close for any reason whatsoever (except as otherwise provided below) including its failure to pay the balance of the Purchase Price on the Back-Up Closing Date, will result in the Trustee retaining the Deposit as liquidated damages and the termination of the Back-Up Bidder's right to acquire the Interests under these Terms and Conditions of Sale.</u>

11. The Offeror and all bidders will be bound by these Terms and Conditions of Sale.

12. The Interest is being sold **"AS IS" "WHERE IS"**, **"WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever. The Trustee and the Trustee's professionals have not made and do not make any representations or warranties as to the assets, liabilities, legal status, contracts, business and/or financial condition of the Corporation, the value of the Interest, the percentage ownership interest in the Corporation represented by the Interest or as to any other matter or thing affecting or related to the Interest or this

Sale, which might be pertinent to the purchase of the Interest, except that, upon information and belief, the Interest consists of 100 shares of the common stock of the Corporation representing 50% of the issued and outstanding shares of common stock of the Corporation and the remaining 50% of the issued and outstanding shares of common stock of the Corporation. Each bidder hereby expressly agrees and acknowledges that no such representations or warranties have been made. The Trustee is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Interests, made or furnished by the Trustee or any other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee in these Terms and Conditions of Sale of in a written amendment thereto. The Offeror and all bidders acknowledge that they have conducted their own due diligence in connection with the Interest, and are not relying on any information provided by the Trustee, the Estate or the Trustee's professionals.

13. The Trustee shall convey the Interest by delivery of a Trustee's Bill of Sale.

14. Neither the Trustee, Trustee's counsel nor the Estate shall be liable or responsible for the payment of fees of any broker. The only commissions that the Estate may be liable for are those of the Trustee.

15. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of Title 11 of the United States Code (the "Bankruptcy Code") or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the Sale Hearing or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or

prior orders of the Court, the Sale Order, and/or in furtherance of the Sale of the Interest. The Trustee reserves his right to withdraw the Interest from sale, either prior or subsequent to the Sale Hearing, for any reason whatsoever, as he deems necessary or appropriate.

16. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale Hearing. By making a bid for the Interest, all bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and to have agreed to be bound by them.

17. If the Trustee is unable to deliver title to the Interest in accordance with these Terms and Conditions of Sale for any reason whatsoever, his only obligation will be to refund the Deposit, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Trustee, the Trustee's professionals or the Estate.

18. The Sale of the Interest is subject to confirmation by the Trustee. The Trustee or the Trustee's attorney shall notify the Successful Bidder whether the Sale is confirmed. The Bankruptcy Court shall determine any disputes concerning the Sale of the Interest. At the Sale Hearing, the Successful Bidder shall duly execute and deliver to the Trustee's counsel a copy of these Terms and Conditions of Sale and a Memorandum of Sale in the form annexed hereto.

[This Space Intentionally Left Blank]

19. The Offeror consents to the exclusive jurisdiction of the Bankruptcy Court, under the Debtor's pending Chapter 7 case, to determine any disputes regarding the Sale of the Interest and the Trustee's determination of the highest and best bidder for the Interest. By participating in the Sale Hearing and Sale, all bidders consent to the exclusive jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending Chapter 7 case.

**I have read these Terms and Conditions of Sale and agree to be bound by them.**

Offeror/Bidder:

_Manynder Kaur_  Date: _October 30_, 2019
Name and Title:

## MEMORANDUM OF SALE

The undersigned has this 2 day of _October_, 2019, agreed to purchase: all of the stock ownership interest (the "Interest") of Balvinderjit Kaur Bains ("Debtor") in Jassi's Tandoori Grill & Bar Inc. (the "Corporation") from Robert L. Pryor, Esq. as Chapter 7 Trustee of the bankruptcy estate of Debtor, Case No. 8-18-75334-reg, pending in the United States Bankruptcy Court for the Eastern District of New York, for the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) and hereby promise(s) and agree(s) to comply with the pre-fixed Terms and Conditions of Sale of said Interest.

_Manjinder Kaur_
PURCHASER (Signature)

PURCHASER (Signature)

Manjinder Kaur
PRINT NAME OF PURCHASER

PRINT NAME OF PURCHASER

85-18 241st Street
ADDRESS

ADDRESS

Bellrose, NY 11426
ADDRESS

ADDRESS

(247) 933-9656
TELEPHONE NUMBER

TELEPHONE NUMBER

EMAIL

EMAIL

Received from Manjinder Kaur the sum of $ 20,000* DOLLARS, as a non-refundable deposit for the purchase of the Interest pursuant to the Terms and Conditions of Sale.

Robert L. Pryor, Esq., Chapter 7 Trustee
Pryor & Mandelup LLP, Attorneys for the Chapter 7 Trustee
675 Old Country Road
Westbury, NY 11590
(516) 997-0999
A. Scott Mandelup, Esq., Attorney for the Trustee
E-Mail: asm@pryormandelup.com

\* with balance of $55,000 to be paid to the Trustee prior to the Sale Hearing.