UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

                                                Case No: 8-18-75334-reg

JASBIR SINGH and
BALVINDERJIT KAUR BAINS                         Chapter 7

                          Debtor.
------------------------------------------------------------------X

**ORDER AUTHORIZING THE TRUSTEE'S SALE OF
DEBTOR'S STOCK OWNERSHIP INTEREST IN JASSI'S
TANDORI GRILL & BAR INC. PURSUANT TO 11 U.S.C. § 363(b) and (f)**

Upon the Notice of Motion and Motion, dated October 30, 2019, and the exhibits thereto, filed by Robert L. Pryor, Esq., the Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Balvinderjit Kaur Bains ("Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., seeking entry of an order: (i) pursuant to 11 U.S.C. §§ 105 and 363(b) and (f), authorizing the Trustee to sell, pursuant to the Terms and Conditions of Sale (the "Terms of Sale") annexed to the Motion, all of Debtor's right, title, and interest in her stock ownership interest (the "Interest") in Jassi's Tandori Bar & Grill Inc. (the "Corporation") to Manjinder Kaur (the "Original Offeror") for the sum of $75,000.00, subject to higher and better offers, and free and clear of liens, claims and encumbrances (collectively, "Liens") with such liens, if any, to attach to the proceeds of sale to the same extent, validity and priority as such Liens attached to the Interest; (ii) approving the sale to the highest and best offeror; and (iii) for such other and further relief as this Court deems just and proper; and upon the Affidavit of Service, sworn to October 23, 2019, filed by the Trustee; and the Original Offeror having given the Trustee a deposit of $20,000.00 (the "Original Offeror Deposit"); and a higher offer of $81,000.00 having been made by Mani Singh (the "Successful Bidder"); and the Successful Bidder having deposited the sum of $81,000.00 with the Trustee (the "Successful Bidder Deposit"); and the Court having held a

hearing on the Motion on December 16, 2019; and the Trustee having appeared by his attorneys, Pryor & Mandelup, L.L.P., by A. Scott Mandelup, Esq., in support of the Motion; and the Successful Bidder having appeared, by his attorneys, Shiryak, Bowman Anderson, Gill & Kadochnikov LLP, by Andreas E. Christou, Esq.; and no opposition having been filed or otherwise raised; and no further notice being warranted or necessary; and no bidders other than the Original Offeror and the Successful Bidder having qualified to bid on the Interest; and the Trustee having determined the Successful Bidder to be the highest and best offeror for the Interest, for a purchase price of $81,000.00 (the "Purchase Price"), which has been paid by the Successful Bidder to the Trustee; and after due deliberation, the Court having designated the Successful Bidder as the highest and best offer for the Interest, and having found the proposed sale of the Interest to the Successful Bidder for the Purchase Price in accordance with the Terms of Sale, to be in the best interests of the Estate and its creditors; it is hereby

**ORDERED**, that the Trustee is authorized and empowered to sell the Interest to the Successful Bidder or his designee for the sum of $81,000.00 in accordance with the Terms of Sale, "as is", "where is", without any representations or warranties of any kind or nature whatsoever; and it is further

**ORDERED**, that, the Successful Bidder having previously paid the entire Purchase Price for the Interest to the Trustee, pursuant to the Successful Bidder Deposit, the Successful Bidder must close title to the Interest (the "Closing") on or before 5:00 p.m. no later than seven (7) days after entry of this Order (the "Closing Date"), **TIME BEING OF THE ESSENCE as to the Successful Bidder, as the purchaser**, although such date may be extended solely by the Trustee, and there is no contingency of any kind or nature that will permit the Offeror to cancel

or avoid its obligation under the Terms of Sale other than the Trustee's failure to deliver a Trustee's Bill of Sale for the Interest; and it is further

**ORDERED**, that, in the event that the Successful Bidder fails to perform any of his obligations under the Terms of Sale for the Interest, on or before the Closing Date, the Trustee shall be entitled to retain the Successful Buyer Deposit as liquidated damages (and not a penalty) and the Successful Bidder's right to acquire the Interest under the Terms of Sale shall terminate, and the Trustee shall be authorized to sell the Interest to the Original Offeror pursuant to the Terms and Conditions of Sale executed by the Original Offeror and as set forth in the Trustee's Motion; and it is further,

**ORDERED,** within ten (10) business days' after the Closing of the sale to the Successful Bidder, the Trustee shall return to the Original Offeror the Original Offeror Deposit by check made payable to Manjinder Kaur, the Original Offeror, and delivered to the Original Offeror's attorney, Michael W. Holland, Esq., 421 Willis Avenue, Williston Park, NY 11596; and it is further

**ORDERED**, that if the Trustee is unable to deliver title to the Interest in accordance with the Terms of Sale for any reason whatsoever, his only obligation will be to refund the Successful Bidder Deposit to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Trustee, the Trustee's professionals or the Estate; and it is further

**ORDERED**, that, the Trustee is selling the Interest to the Successful Bidder "**AS IS**", "**WHERE IS**", "**WITH ALL FAULTS**", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever; and it is further

**ORDERED**, that the Trustee is selling the Interest to the Successful Bidder free and clear of Liens with such Liens, if any, to attach to the proceeds of the sale; and it is further

**ORDERED**, that the Sale had been proposed and entered into by the Trustee and the Successful Bidder without collusion, in good faith, and from arm's length bargaining positions, and neither the Trustee nor the Successful Bidder have engaged in any conduct that would cause or permit the transaction to be avoided under 11 U.S.C. § 363(n); and it is further

**ORDERED**, that, if the Successful Bidder fully performs under the Terms of Sale at any time on or after the entry of this Order, then, with respect to the Trustee's sale of the Interest, the parties shall be entitled to the protection of 11 U.S.C. § 363(m) as set forth in this Order or any authorization contained herein in its entirety on appeal and the purchase by the Successful Bidder shall constitute a purchase in good faith and for fair value within the meaning of 11 U.S.C. § 363(m); and it is further

**ORDERED**, that the Trustee and his professionals hereby are authorized to take actions, do such things, execute such documents, and expend such funds of the Estate as may be necessary to effectuate the terms and conditions of this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising from this Order and/or the Trustee's sale of the Interest; and it is further

**ORDERED**, that, for good cause shown, the fourteen (14) day stay pursuant to Bankruptcy Rule 6004(h) hereby is waived and this Order shall be effective upon being entered.

**Dated: Central Islip, New York**
**December 19, 2019**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**